UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY RIVERA,

    Plaintiff,

                                                                Case No. 1:06-cv-783

v

                                                                Hon. Wendell A. Miles

STATE OF MICHIGAN,

    Defendant.

_____/

JUDGMENT APPROVING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On December 4, 2006, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that plaintiff Anthony Rivera's complaint be dismissed for failure to state a claim. Plaintiff has filed objections to the R&R (docket no. 12). The court, having reviewed the R&R filed by the United States Magistrate Judge in this action, having reviewed the complaint (titled "Declaratory Judgment") and plaintiff's subsequent filings, and having reviewed plaintiff's objections, agrees with the reasoning and recommended disposition contained in the R&R.

In his objections, plaintiff argues that he previously filed an "Amended Request for Declaratory Judgment" (docket no. 10) which – he contends – addresses "most" of the issues addressed in the R&R. However, plaintiff's amended pleading does not cure the deficiencies of his original pleading. Instead, the amended pleading does little more than add a demand for

damages of $50,000 per day for each day of his alleged false imprisonment.  Moreover, what plaintiff fails to recognize is that actions under 42 U.S.C. § 1983, like civil tort actions, "are not 'appropriate vehicles for challenging the validity of outstanding criminal judgments ... that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" Ruff v. Runyon, 258 F.3d 498, 501 (6th Cir. 2001) (quoting Heck v. Humphrey, 512 U.S. 477, 486, 114 S.Ct. 2364 (1994)).  "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." Ruff, 258 F.3d at 501.  "Until such time, a cause of action under § 1983 for damages is not cognizable."  Id.

In his objections, plaintiff also argues that 28 U.S.C. § 2403 requires the court to "contact the [United States Attorney General] and have a complete Investigation done."  However, section 2403 requires no such thing.[1]  Subsection (a) of 28 U.S.C. § 2403 applies only where the

---

[1] Title 28 U.S.C. § 2403 provides as follows:

(a) In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

(b) In any action, suit, or proceeding in a court of the United States to which a State
(continued...)

constitutionality of an "Act of Congress" affecting the public interest is drawn into question. Here, plaintiff's pleadings implicate only the constitutionality of a Michigan statute, and not an Act of Congress. In addition, subsection (b) of section 2403 only applies where the constitutionality of a State statute affecting the public interest is drawn into question, but where the State has not been made a party. Because plaintiff has sued the State of Michigan as a defendant, section 2403(b) therefore does not apply.

The court approves and adopts the R&R as the decision of the court. This matter is therefore dismissed with prejudice.

There is no good faith basis for any appeal in this matter. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and he may not proceed on appeal in forma pauperis.

Entered this 27th day of December, 2006.

       /s/ Wendell A. Miles
       Wendell A. Miles, Senior Judge

---

[1](...continued)
or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.