UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY RIVERA,

    Plaintiff,

                                        Case No. 1:06-cv-783

v

                                        Hon. Wendell A. Miles

STATE OF MICHIGAN,

    Defendant.

_____/

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

The *pro se* plaintiff is a Michigan prisoner serving time on a conviction for criminal sexual conduct.  In his complaint, he seeks declaratory and injunctive relief invalidating his conviction and all records of it, arguing that proper procedures were not followed in the enactment of the Michigan statute under which he was convicted.  On December 4, 2006, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that plaintiff Anthony Rivera's complaint be dismissed for failure to state a claim.  On December 27, 2006, the court entered a Judgment adopting the R&R.  On January 10, 2007, an order was issued rejecting a proposed pleading submitted by plaintiff, which would have added the Governor of Michigan as a defendant.  The matter is currently before the court once again, on plaintiff's "Motion for Reconsideration" (docket no. 16).  For the following reasons, the court **DENIES** plaintiff's motion.

In his motion, plaintiff once again argues that he should be permitted to add the Governor as a defendant.  He argues that the allowance of this amendment would cure any deficiencies in

his original pleading. Plaintiff also indicates that he would like to withdraw a previous request for damages which he included in an amended pleading.

Relief under the Declaratory Judgment Act is not available to attack a criminal conviction. Johnson v. Onion, 761 F.2d 224, 226 (5th Cir.1985), citing Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir.1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies."); see also Forsythe v. State of Ohio, 333 F.2d 678, 679 (6th Cir. 1964) ("We are satisfied that the Declaratory Judgment Act, 28 U.S.C.A. § 2201, cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures enjoying currency among the many now seeking release from prison"). In addition, a claim for declaratory relief which would necessarily imply the invalidity of the punishment imposed is not cognizable under section 1983. Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589 (1997). Moreover, to the extent plaintiff seeks to challenge the fact or duration of his conviction or sentence, his sole remedy is a federal petition for writ of habeas corpus, not an action under section 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus"). Therefore, plaintiff has no claim for relief even if he abandons his claim for damages and adds the Governor of Michigan as a defendant.

In his motion, plaintiff has expressly stated that he "IS NOT CHALLENGING HIS CONVICTION" (emphasis in original). However, other statements which he makes in his

motion make it clear that he is in fact challenging his conviction. These include the following: "GOVERNOR [Jennifer] GRANHOLM IS VIOLATING HIS 4TH AMENDMENT RIGHT FOR THE ILLEGAL SEIZURE OF IMPRISONING HIM ON A FALSE CRIME" and "GOVENOR [sic] GRANHOLM IS VIOLATING HIS 8TH AMENDMENT RIGHT OF THE ENFORCEMENT OF A [sic] ILLEGALLY PASSED LAW CAUSEING [sic] PLAINTIFF CRAUL [sic] AND UNUSUAL PUNISHMENT." The nature of plaintiff's claim is clear, and it is clearly not cognizable in this action.

**Motion denied.**

Entered this 5th day of February, 2007.

                                                   /s/ Wendell A. Miles
                                                   Wendell A. Miles
                                                   Senior U.S. District Judge